NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-163

COMMONWEALTH

vs.

ELSTON BONE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2011, following a jury trial, the defendant was convicted of numerous weapons-related charges, including possession of ammunition and four different weapons (a handgun, rifle, and two shotguns) without an FID card.[1] A panel of this court affirmed the judgments on the defendant's direct appeal, see Commonwealth v. Bone, 84 Mass. App. Ct. 1106 (2013), and the Supreme Judicial Court denied further appellate review, see 466 Mass. 1106 (2013). Based on arguments grounded in the Second Amendment to the United States Constitution, the defendant filed a habeas corpus petition seeking to challenge his convictions.[2]

---

[1] He was also convicted of improper storage of two of the weapons.

[2] The defendant unsuccessfully had raised a Second Amendment defense in a pretrial motion to dismiss in Superior Court.

Bone v. Healy, 150 F. Supp. 3d 140 (D. Mass. 2015). This petition was denied, and the First Circuit affirmed that denial. Bone v. Healey, U.S. Ct. App., No. 16-1086 (1st Cir. July 13, 2018). The defendant then filed a series of postconviction motions. These included a motion filed on January 13, 2023, which was styled as an amended motion to vacate his convictions under the Second Amendment. Before us now is the defendant's appeal of a Superior Court judge's order denying that motion.[3] We affirm.

In our decision affirming the defendant's convictions, the panel ruled that the defendant did not have standing to raise his Second Amendment issues, because he never applied for an FID card. See Bone, 84 Mass. App. Ct. 1106. The defendant is barred by the doctrine of direct estoppel from raising that issue again. See Commonwealth v. Sanchez, 485 Mass. 491, 498 (2020). To be sure, in rare circumstances courts may entertain issues that were previously decided where there is "direct indication" from a higher court that the earlier appeal was

---

[3] The judge's order also purported to deny a separate amended motion for new trial that had been lodged on June 1, 2022. Due apparently to some confusion in the docketing, the judge was unaware that this separate motion formally had been withdrawn by the defendant by the time the judge ruled (as the defendant confirmed in his appellate brief). We treat the current appeal as one challenging only the denial of the defendant's January 13, 2023, amended motion to vacate his convictions.

2

wrongly decided.  Id. at 500.  This, however, is not such a case.

In arguing that his convictions plainly cannot stand, the defendant relies principally on developing United States Supreme Court jurisprudence, especially the Court's recent decision in New York State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022).  The defendant misreads the import of Bruen, which involved a State licensing scheme that was materially different than the one relevant here, G. L. c. 269, § 10 (h) (1).  See 142 S. Ct. at 2117.  As Justice Alito explained in his concurring opinion, "[o]ur holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun. . . [n]or have we disturbed anything that we said in [District of Columbia v.] Heller[, 554 U.S. 570 (2008),] or McDonald v. Chicago, 561 U.S. 742 (2010), about restrictions that may be imposed on the possession or carrying of guns." Bruen, supra at 2157 (Alito, J., concurring).  In short, Bruen did not call into question the constitutionality of the statute that underlies the defendant's convictions.  Accordingly, even if it were not far too late for the defendant to try to mount a facial challenge to the licensing scheme that he was found guilty of violating, the defendant has not demonstrated that

there would be any merit to such a challenge.

                                        Order denying amended motion
                                           to vacate convictions
                                           affirmed.

                                        By the Court (Milkey, Blake &
                                           Sacks, JJ.[4]),

                                        *Joseph F. Stanton*

                                        Clerk

Entered:   October 11, 2023.

---

[4] The panelists are listed in order of seniority.